CASE STATED. David Smith devised a tract of land to his two grandsons, "John Smith and David Smith jointly, their heirs and assigns forever," on condition that they each paid fifty dollars, to Hester Ann Smith, when they arrived at age respectively. He also authorized a trustee to sell the land if he thought proper, during the minority of John Smith and David Smith, and to secure the payment of the money to the said devisees when they shall respectively arrive to the age of twenty-one years.
John Smith died under age, intestate and without issue. Nathaniel Y. Davis married Hester Ann Smith, the legatee, and administered on the estate of John Smith, one of the devisees. Qu. What estate did John and David Smith take under the will of their grandfather, an estate in joint tenancy or in common? If the former, judgment to be rendered for defendant; if the latter, judgment to be rendered for the plaintiffs.
Cullen contended that under the act respecting devises of lands, joint estates and dower, (Dig. 167,) no estate in joint tenancy could be created, unless the testator expressly devised "to be held as joint tenants and not as tenants in common." Such is the provision of the act, the object of which was, to do away with all constructive joint tenancies.
Ridgely claimed that this was a devise of a joint tenancy, the intention of the testator clearly being to make such an estate. The court cannot construe this a tenancy in common without rejecting the word "jointly," which is against the rules of construction that require force to be given to all the words if, possible. (Wms. Ex'r. 709-14.) *Page 69 
The act of assembly cannot mean that a testator shall use the very-words "to be held as joint tenants and not as tenants in common," to create a joint tenancy; if so a devise to two and the survivor of them, or to two as joint tenants, would not create a joint tenancy.
When technical words are used, the testator must be held to use them in their technical sense; hence the court cannot say that the devise to John Smith and David Smith jointly, does not create a joint estate.
Cullen. — The court cannot regard the intention of a testator, when such intention is contrary to law. The intention of this testator, even if it appears to have been to devise a joint tenancy, cannot be carried out, unless he uses the words which are necessary to create such an estate. But there is no such intent apparent in this will. The word jointly, does not necessarily mean a joint tenancy. Tenants in common or coparceners, hold the estate jointly until severance. He meant only to devise the estate to both, and the money which was to arise from the estate in case of a sale was bequeathed to them severally as they came of age.
The Court held that John Smith and David Smith took the estate as tenants in common, and not as joint tenants, and gave
 Judgment for plaintiffs.